UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

       Plaintiff,                                 Hon. Robert J. Jonker

v.                                              Case No. 1:20-CV-1058

STATE OF MICHIGAN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated the instant action on November 4, 2020, against the State of Michigan, Governor Gretchen Whitmer, and Bank of America. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

## BACKGROUND

On May 19, 2020, Plaintiff initiated an action against the State of Michigan and Governor Whitmer. *Blocker v. State of Michigan*, 1:20-cv-444 (W.D. Mich.). On July 6, 2020, the Court dismissed that action on the ground that it failed to state a claim on which relief may be granted. On August 17, 2020, Plaintiff initiated a

1

separate action styled as a "collateral attack" on the judgment dismissing his previously filed action.  *Blocker v. State of Michigan*, 1:20-cv-772 (W.D. Mich.).  The Court dismissed that action on the ground that it failed to state a claim on which relief may be granted.  Plaintiff later initiated a third action "to collateral[ly] attack case 1:20-cv-772."  *Blocker v. State of Michigan*, 1:20-cv-988 (W.D. Mich.).  On October 30, 2020, the undersigned recommended that Plaintiff's complaint in that action be dismissed.  Plaintiff has now initiated yet another action "to collateral[ly] attack case 1:20-cv-988 for the fraud upon the court."

To the extent Plaintiff, in the present action, asserts a claim based on alleged harm caused by the recommended dismissal of his prior action(s), he has failed to state a claim.  Plaintiff's conclusory allegations that the Court committed "fraud" in recommending the dismissal of his prior action is insufficient.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).  Likewise, to the extent Plaintiff objects to the recommendation that his previous action be dismissed, the proper course for Plaintiff was to have filed objections in that case rather than initiating yet another frivolous action.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed be dismissed for failure to state a claim.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C.

2

§ 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                                 Respectfully submitted,

Date: November 17, 2020                                          /s/ Phillip J. Green  
                                                                               PHILLIP J. GREEN  
                                                                               United States Magistrate Judge