UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

        Plaintiff,

v.

                              CASE NO. 1:20-CV-1058

                              HON. ROBERT J. JONKER

STATE OF MICHIGAN, *et al.*,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 11) and Plaintiff's Objections (ECF No. 13).[1] Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

---

[1] The Court construes the filing Plaintiff entitled "Motion for Leave to Appeal" (ECF No. 13) as Objections to the Report and Recommendation.

Report and Recommendation itself; and Plaintiff's objections. The Court finds the Magistrate Judge's Report and Recommendation, which recommends dismissing Plaintiff's complaint, entirely sound.

The Magistrate Judge carefully and thoroughly considered Plaintiff's claims. The Magistrate Judge properly determined that Plaintiff has failed to state a claim on which relief may be granted. In his Objections, Plaintiff reiterates and expands his general grievances. Plaintiff expresses disagreement with the Magistrate Judge but fails to address the Report and Recommendation in any persuasive way. Nothing in Plaintiff's Objections changes the fundamental analysis. After de novo review, this Court determines that dismissal is appropriate, for precisely the reasons detailed in the Report and Recommendation.

To the extent Plaintiff seeks to amend his complaint to add a new claim and new parties Donald J. Trump and the United States of America (ECF No. 9), the motion fails as futile. *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (holding that, if a claim would be properly dismissed, amendment to add the claim would be futile (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that granting leave to amend should not be allowed if amendment would be futile). Plaintiff lacks standing to assert the new claim he proposes and cannot properly invoke the Court's jurisdiction.[2] To establish standing, a plaintiff must demonstrate (1) that he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to a defendant; and (3) the injury is likely to be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff's proposed amendment outlines a series of generalized grievances concerning alleged governmental actions. Plaintiff has not asserted any concrete, particularized injury. Instead, he

---

[2]The Court notes that it earlier dismissed for lack of standing a similar set of grievances Plaintiff attempted to assert in a previous case. (No. 1:20-CV-444, ECF Nos. 6, 15).

describes general injuries to the American public based on his theories that "five g [sic] is causing the illness that is being called Covid 19" and "the executive, legislative, and judicial branches are in cahoots to commit treason against the U.S. Constitution." (ECF No. 9, PageID. 17.) To the extent any of the proposed claims are viewed as asserting injury in fact, they are too vague and conclusory to state a claim upon which relief may be granted. S*ee Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); see also, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (the Court need not accept as true factual allegations that are "clearly irrational or wholly incredible").

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 11) is approved and adopted as the opinion of the Court.

2. Plaintiff's Objections (ECF No. 13) are **OVERRULED**.

3. Plaintiff's Motion to Amend or Correct Complaint (ECF No. 9) is **DENIED**.

4. Plaintiff's Motion for Sanctions (ECF No. 12); Application to Proceed without prepayment of fees or costs (ECF No. 14); Motions for Subpoenas (ECF Nos. 18, 19); Motion to Demand (ECF No. 20) and Motion for Default Judgment (ECF No. 21) are **DENIED AS MOOT**.

5. Plaintiff's Complaint is **DISMISSED**.

This case is **CLOSED**.

Dated:   December 11, 2020            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE